UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES ELVIN ALBERT, | ) | CASE NO. 1:09 CV 1075 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES ATTORNEY, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On May 11, 2009, plaintiff pro se Charles Elvin Albert filed this civil rights action against the United States Attorney, Magistrate Judge Perelman, "all members of the Grand Jury," Mahoning County Task Force, former United States Attorney Greg White, A. Isabella, Magistrate Judge Nancy A. Vecchiarelli, FBI Agents Ruthfort and Honeycutt, Assistant Federal Public Defender Charles Fleming, and Judge Christopher Boyko. For the reasons stated below, this action is dismissed.

The complaint states in its entirety as follows:

> 1. United States Attorney Gregory White failed to sign the indictment 2. Judge Nancy Vecchiarelli failed to check for signatures on the indictment 3. Honorable Judge Christopher Boyko failed to check for proper signatures on the indictment. 4. FBI Agents had no search warrant nor was I placed under arrest or read my rights before being interrogated 5. Public Defender Charles Fleming when advised of this violation would say nothing to the court. 6. Clerk of Courts A. Isabella didn't enter motions and other legal documents into my criminal/civil docket 7. Mahoning Valley Task Force arrested me on an unsigned indictment. 8. All members of the grand jury for the indictment being unsigned 9. Honorable Magistrate

> Perelman for not verifying the indictment was signed.
> 10.   United States Attorney et al. breach of contract.

As relief, plaintiff seeks:

1. Full unconditional release
2. Full immunity past and present
3. Rights restored
4. Record cleared
5. Monetary damages

Principles requiring generous construction of pro se pleadings are not without limits.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*.

When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ

of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994).

Thus, even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. This action is therefore appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.* , 857 F.2d 290, 300 (6th Cir.1988)(recognizing that federal question jurisdiction is divested by unsubstantial claims).

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: May 18, 2009          *s/       JamesS. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE